**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SACCULLO BUSINESS CONSULTING, LLC | CIVIL ACTION NO. 3:14-CV-1300 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| SENIOR HEALTH CARE SOLUTIONS, LLC, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Saccullo Business Consulting Company, LLC ("SBC") (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Background**

Plaintiff filed this action on July 7, 2014. Plaintiff asserts that this Court's basis for jurisdiction is diversity of citizenship. District courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Complaint alleges that Plaintiff Saccullo Business Consulting, LLC "is a Delaware limited liability company with its principal place of business located at 27 Crimson King Drive, Bear, Delaware 19701." (*Compl.*, ¶ 5.) In a similar manner, Plaintiff states that Defendants Senior Health Care Solutions, LLC; Mid-Valley Health Care Center, LLC; Mid-Valley Personal Care Center, LLC; Old Forge Manor Personal Care Center, LLC; Wyoming Manor Personal Care Center, LLC; Kingston Health Care Center, LLC; and Kingston Manor Personal Care Center, LLC are "Pennsylvania limited liability compan[ies]" and proceeds to list their respective principal places of business. *Id.* at ¶¶ 6-12.

**II. Analysis**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship all of the Limited Liability Companies. "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members);1 *Federal Procedure, Lawyers Edition* § 1:176 (2011). Where one or more

of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

| | |
|---|---|
| July 15, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |