IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SACCULLO BUSINESS CONSULTING, LLC | |
| Plaintiff, | CIVIL ACTION NO. 3:14-CV-1300 |
| v. | (JUDGE CAPUTO) |
| SENIOR HEALTH CARE SOLUTIONS, LLC, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Saccullo Business Consulting, LLC (solely in its capacity as the Assignee of Kingston ALF, LLC, Kingston SNF, LLC, Mid Valley ALF, LLC, Mid Valley SNF, LLC, Old Forge ALF, LLC, and Wyoming ALF, LLC) ("Plaintiff")'s Motion for Reconsideration of the Court's July 15, 2014 Memorandum and Order, or, Alternatively, to Alter/Amend the July 15, 2014 Order ("Motion") (Doc. 6) and accompanying Brief in Support (Doc. 7).

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed.R.Civ.P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

Plaintiff's motion for reconsideration will be denied because the citizenship of each of the members of the Defendant LLCs was insufficiently alleged in the Complaint, and Plaintiff fails to establish any of the grounds for reconsideration set forth above. However, the Court will permit Plaintiff to conduct pre-scheduling conference discovery to obtain information regarding the domiciles of the Defendants' members. Therefore,

**IT IS HEREBY ORDERED NOW**, this 31st day of July, 2014, that:

(1) Plaintiff's Motion (Doc. 6) is **GRANTED in part and DENIED in part**.

(2) The Court's July 15, 2014 Order (Doc. 4) is **AMENDED** to provide that Plaintiff shall have sixty (60) days from the date of entry of this Order to amend its Complaint to address the issue raised in the Court's July 15, 2014 memorandum regarding subject matter jurisdiction.

(3) Plaintiff is authorized to issue a subpoena to each defendant for the limited purpose of obtaining information related to the identity and domicile of their respective members (and to the extent necessary, seek relief from this Court to enforce same).

(4) Plaintiff is directed to serve a copy of this Order upon each Defendant via first class United States mail, postage prepaid, no later than three (3) business days after the entry of this Order and to file an affidavit/certificate of service to that effect.

(5) The Motion is **DENIED** in all other respects.

A. Richard Caputo
United States District Judge