**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SACCULLO BUSINESS CONSULTING, LLC, | CIVIL ACTION NO. 3:14-CV-1300 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| SENIOR HEALTH CARE SOLUTIONS, LLC, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is an amended Complaint filed by Plaintiff Saccullo Business Consulting Company, LLC ("SBC") (Doc. 13). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

**I. Background**

Plaintiff filed this action on July 7, 2014. In response to my Order (Doc. 4) and subsequent denial of Plaintiff's Motion for Reconsideration (Doc. 9), Plaintiff filed an amended Complaint on September 26, 2014 (Doc. 13). Plaintiff's first Complaint failed to properly name the members of the Limited Liability Corporation (LLC) parties, and their states of citizenship. In the amended Complaint, Plaintiff identifies the members of the LLCs and identifies in what states they reside, but still does not identify in what states members have *citizenship.* (Doc. 13, ¶¶ 5-15.)

Plaintiff asserts that this Court's basis for jurisdiction is diversity of citizenship. District courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The amended Complaint alleges that the Plaintiff LLC has a single member, Anthony M. Saccullo, who resides in Bear, Delaware. (*Id*. at ¶ 5.)  In a similar manner,

Plaintiff states that Defendants Senior Health Care Solutions, LLC; Mid-Valley Health Care Center, LLC; Mid-Valley Personal Care Center, LLC; Old Forge Manor Personal Care Center, LLC; Wyoming Manor Personal Care Center, LLC; Kingston Health Care Center, LLC; and Kingston Manor Personal Care Center, LLC each have two members: Michael P. Kelly ("Kelly") and Susan Keefer ("Keefer"). (*Id.* at ¶¶ 6-13.) Plaintiff asserts that "Kelly is a Pennsylvania resident with an address of 120 Lakeview Drive, Scranton, PA 18505," and that "Keefer is a Pennsylvania resident with an address of 2820 Shaffer Road, Bloomsburg, PA 17815." (*Id.* at ¶¶ 14-15.)

## II. Analysis

Plaintiff's first Complaint failed to properly identify the members of LLC parties and their states of citizenship. In this present amended Complaint, while Plaintiff identifies the members of the LLCs and in what states they reside, Plaintiff still does not identify in what states Defendants have *citizenship*.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular

instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship all of the members of the Limited Liability Companies. "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members);1 *Federal Procedure, Lawyers Edition* § 1:176 (2011).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir.1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent the Complaint alleges that Plaintiff LLC's single member is a resident of Delaware and that Defendant LLC's members are residents of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov,* 465 F.2d at 1300 (3d Cir.1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege each party's state of citizenship, not merely of residence.

As in my Order in response to Plaintiff's motion for reconsideration (Doc. 9), I will permit Plaintiff to conduct pre-scheduling conference discovery to obtain information regarding the domiciles of Defendants LLC's members.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.


September 30, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge